IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NANETTE STONE, ) | CIVIL NO. 18-00089 HG-KSC |
| ) | |
| Plaintiff, ) | FINDINGS AND RECOMMENDATION |
| ) | TO DISMISS THE COMPLAINT AND |
| vs. ) | DENY THE APPLICATION TO |
| ) | PROCEED IN FORMA PAUPERIS; |
| CITY OF PHILADELPHIA, ) | ORDER DENYING PLAINTIFF'S |
| Judge Nina Wright Padilla, ) | REQUEST FOR APPOINTMENT OF |
| Judge Margaret Murphy; CITY OF ) | COUNSEL |
| PHILADELPHIA PROBATE COURT, ) | |
| Ronald Donatucci, Register of ) | |
| Wills, Staff and Associates; ) | |
| CITY OF PHILADELPHIA CITY ) | |
| COUNCIL, City Council ) | |
| President, Darryl Clark and ) | |
| Council Members; CITY OF ) | |
| PHILADELPHIA DEPARTMENT OF ) | |
| HUMAN SERVICES, Commissioner ) | |
| of DHS; CITY OF PHILADELPHIA'S ) | |
| MAYOR'S OFFICE, Former Mayor ) | |
| John F. Street; CITY OF ) | |
| PHILADELPHIA OFFICE OF MENTAL ) | |
| HEALTH & INTELLECTUAL ) | |
| DEVELOPMENT DISABILITY ) | |
| SERVICES, Leadership Board, ) | |
| Staff and Associates; CITY OF ) | |
| PHILADELPHIA POLICE ) | |
| DEPARTMENT, Police ) | |
| Commissioner Ross; CITY OF ) | |
| PHILADELPHIA FIRE DEPARTMENT ) | |
| AND EMS SERVICES, Fire ) | |
| Departments and Commissioners; ) | |
| CITY OF PHILADELPHIA DISTRICT ) | |
| ATTORNEY'S OFFICE, District ) | |
| Attorneys and Former District ) | |
| Attorney Seth Williams; ) | |
| CITY OF PHILADELPHIA LAW ) | |
| DEPARTMENT, Law Dept. ) | |
| Leadership Vernette Dow; CITY ) | |
| OF PHILADELPHIA CLERKS OFFICE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

FINDINGS AND RECOMMENDATION TO DISMISS THE COMPLAINT AND
DENY THE APPLICATION TO PROCEED IN FORMA PAUPERIS;
ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff Nanette Stone ("Plaintiff") commenced the instant action on March 12, 2018.  Plaintiff additionally filed an Application to Proceed In Forma Pauperis ("IFP Application") and a Request for Appointment of Counsel.  The Court addresses each in turn.

ANALYSIS

A.   IFP Application/Screening of the Complaint

A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted).  However, a court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action is frivolous, that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); see Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987);

<u>Minetti v. Port of Seattle</u>, 152 F.3d 1113, 1115 (9th Cir. 1998).
A complaint is frivolous if "it has no arguable substance of law
or fact." <u>Tripati</u>, 821 F.2d at 1370 (citations omitted); <u>Neitzke
v. Williams</u>, 490 U.S. 319, 325 (1989). The term frivolous
"embraces not only the inarguable legal conclusion, but also the
fanciful factual allegation." <u>Neitzke</u>, 490 U.S. at 325.

If the court dismisses the complaint, it should grant
leave to amend even if no request to amend the pleading was made,
unless the court determines that the pleading could not possibly
be cured by the allegation of other facts. <u>Lopez v. Smith</u>, 203
F.3d 1122, 1130 (9th Cir. 2000); <u>see also</u> <u>Tripati</u>, 821 F.2d at
1370. Specifically, "*pro se* plaintiffs proceeding in forma
pauperis must also be given an opportunity to amend their
complaint unless it is 'absolutely clear that the deficiencies of
the complaint could not be cured by amendment.'" <u>Tripati</u>, 821
F.2d 1370 (quoting <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 n.9
(9th Cir. 1984)).

In the present case, even construing Plaintiff's
Complaint liberally, <u>Bernhardt v. Los Angeles County</u>, 339 F.3d
920, 925 (9th Cir. 2003); <u>Jackson v. Carey</u>, 353 F.3d 750, 757
(9th Cir. 2003), the Court finds that dismissal with leave to
amend is appropriate because the Complaint fails to state a claim
upon which relief can be granted. Federal Rule of Civil
Procedure ("FRCP") 8 requires a "short and plain statement of the

3

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Here, although Plaintiff has selected as jurisdictional bases Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the Fourth Amendment of the U.S. Constitution, her allegations are conclusory and she has failed to articulate the elements for any causes of action. In

addition, she has not set forth legal or factual bases to support a viable claim.

The Court further notes that the Complaint fails to allege any possible basis for venue in this district - Plaintiff does not allege that Defendants live in Hawaii or that a substantial part of the events giving rise to her claims occurred in Hawaii.  28 U.S.C. § 1391(b).  Indeed, the claims suggest the opposite; that the events giving rise to her claims occurred almost exclusively in Pennsylvania.  This action therefore appears to have been improperly filed in the District of Hawaii.[1]

Based on the foregoing, the Court recommends that the Complaint be dismissed pursuant to 28 U.S.C. § 1915.  Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327).  Because Plaintiff is proceeding pro se, and it is not clear that the deficiencies could not be cured by amendment, the Court recommends that the dismissal be without prejudice and that Plaintiff be allowed to amend her Complaint.  Given the dismissal of the Complaint, the Court recommends that the IFP Application be denied without prejudice.

If Plaintiff elects to file an amended complaint, she should do so **within 30 days** of the date the district judge enters

---

[1]   District courts have the authority to raise sua sponte the issue of defective venue.  Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).  This Court's recommendation of dismissal is not based on improper venue, but is raised for Plaintiff's consideration should she elect to file an amended complaint.

an order regarding this Findings and Recommendation, unless
otherwise ordered.  Plaintiff is advised that Local Rule 10.3
requires that "any party filing . . . an amended complaint . . .
shall reproduce the entire pleading as amended and may not
incorporate any part of a prior pleading by reference, except
with leave of court."  Local Rule 10.3.  As a general rule, an
amended complaint supersedes the original complaint.  See Loux v.
Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, if Plaintiff files
an amended complaint, the Complaint no longer serves any function
in the case.

B.    Appointment of Counsel

          Plaintiff also requests appointment of counsel.  Title
VII authorizes the appointment of counsel "[u]pon application by
the complainant and in such circumstances as the court may deem
just. . . ."  42 U.S.C. § 2000e-5(f)(1).  There is no
constitutional right to the appointment of counsel in employment
discrimination cases.  Ivey v. Bd. of Regents of Univ. of Ala.,
673 F.2d 266, 269 (9th Cir. 1982).  "The decision to appoint
counsel is left to the sound discretion of the district court. .
. . 'Three factors are relevant to [a] trial court's
determination of whether to appoint counsel:  (1) the plaintiff's
financial resources; (2) the efforts made by the plaintiff to
secure counsel on his or her own; and (3) the merit of the
plaintiff's claim.'"  Johnson v. U.S. Dep't of the Treasury, 27

F.3d 415, 416-17 (9th Cir. 1994) (quoting <u>Johnson v. U.S. Dep't of the Treasury</u>, 939 F.2d 820, 821 (9th Cir. 1991)).

Based on its evaluation of the foregoing factors, the Court finds that Plaintiff is not entitled to the appointment of counsel.  While it appears that Plaintiff lacks financial resources, her efforts to secure counsel and the strength of her arguments on the merits are questionable.  Thus, the Court DENIES WITHOUT PREJUDICE Plaintiff's Request for Appointment of Counsel.

<u>CONCLUSION</u>

In accordance with the foregoing, the Court makes the following recommendations:

1) the Complaint be DISMISSED with leave to amend;

2) Plaintiff be GRANTED until **30 days** after the district judge takes action on this Findings and Recommendation to file an amended complaint curing the deficiencies identified above;

3) Plaintiff be instructed to title her amended pleading "First Amended Complaint";

4) the IFP Application be DENIED WITHOUT PREJUDICE;

5) Plaintiff be directed to file an IFP Application <u>or</u> pay the requisite filing fee by **the date on which her amended pleading is due**; and

6) Plaintiff be cautioned that failure to timely file an amended complaint that cures the deficiencies identified above, along with the requisite filing fee or another IFP Application, will result in the dismissal of the action.

The Court DENIES WITHOUT PREJUDICE Plaintiff's Request for Appointment of Counsel.

IT IS SO FOUND AND RECOMMENDED AND SO ORDERED.

Dated:  Honolulu, Hawaii, March 16, 2018.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 18-00089 HG-KSC; STONE V. CITY OF PHILADELPHIA, ET AL.; FINDINGS
AND RECOMMENDATION TO DISMISS THE COMPLAINT DENY THE APPLICATION TO
PROCEED IN FORMA PAUPERIS; ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL