IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NANETTE STONE,<br><br>      Plaintiff,<br><br>   v.<br><br>CITY OF PHILADELPHIA, Judge Nina Wright Padilla, Judge Margaret Murphy; CITY OF PHILADELPHIA PROBATE COURT, Ronald Donatucci, Register of Wills, Staff and Associates; CITY OF PHILADELPHIA CITY COUNCIL, City Council President, Darryl Clark and Council Members; CITY OF PHILADELPHIA DEPARTMENT OF HUMAN SERVICES, Commissioner of DHS; CITY OF PHILADELPHIA POLICE DEPARTMENT, Police Commissioner Ross; CITY OF PHILADELPHIA FIRE DEPARTMENT AND EMS SERVICES, Fire Departments and Commissioners; CITY OF PHILADELPHIA LAW DEPARTMENT, Law Dept. Leadership Vernette Dow; Philadelphia Housing Authority; Philadelphia Housing,<br><br>      Defendants. | CIVIL NO. 18-00089 HG-KSC |

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

    The case before the Court arises out of alleged harassment and discrimination that Plaintiff claims occurred in Philadelphia, Pennsylvania, by the City of Philadelphia, a number of Philadelphia city agencies, and Philadelphia city government officials.

Pursuant to Federal Rule of Civil Procedure 41(b), the Court dismisses Plaintiff's case for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the Local Rules for the District of Hawaii, and failure to comply with the Court's Orders.

Plaintiff's lawsuit is **DISMISSED WITHOUT PREJUDICE.**

## PROCEDURAL HISTORY

On March 12, 2018, Plaintiff filed a Complaint. (ECF No. 1).

Also on March 12, 2018, Plaintiff filed an Application to Proceed in Forma Pauperis, a Request for Appointment of Counsel, and a Motion to Seal. (ECF Nos. 3, 4, 6).

On March 16, 2018, the Magistrate Judge issued a Findings and Recommendation to Dismiss the Complaint and Deny the Application to Proceed In Forma Pauperis and an Order Denying Plaintiff's Request for Appointment of Counsel. (ECF No. 8). The Magistrate Judge also issued an Order Denying the Motion to Request Seal of Record. (ECF No. 7).

Also on March 16, 2018, Plaintiff filed an Addendum to her Complaint. (ECF No. 10).

On April 13, 2018, the District Court issued an Order Adopting Magistrate Judge's Findings and Recommendation to Dismiss the Complaint and Deny the Application to Proceed In Forma Pauperis as Modified. (ECF No. 14).

On April 18, 2018, Plaintiff filed two pleadings. The first

was entitled, (Amend) EMPLOYMENT DISCRIMINATION COMPLAINT. (ECF No. 15). The second was entitled, COMPLAINT FOR DAMAGES. (ECF No. 15-3).

Also on April 18, 2018, Plaintiff filed a second Application to Proceed in Forma Pauperis, a Request for Appointment of Counsel, and a Motion to Seal. (ECF Nos. 16, 17, 18).

On April 23, 2018, the Magistrate Judge issued an Order Denying Motion to Seal, an Order Denying Plaintiff's Second Request for Appointment of Counsel, and an Order Granting Plaintiff's Application to Proceed In Forma Pauperis. (ECF Nos. 19, 20, 21).

On April 24, 2018, the Magistrate Judge ordered Plaintiff to clarify which document was her operative pleading. (ECF No. 22).

On May 8, 2018, Plaintiff requested an extension of time. (ECF No. 23).

On May 10, 2018, the Magistrate Judge granted Plaintiff's request for an extension of time. (ECF No. 24).

On May 18, 2018, Plaintiff submitted a letter stating that all the information previously submitted constitutes her operative complaint. (ECF No. 25).

On May 24, 2018, the Magistrate Judge issued an Order striking both of Plaintiff's April 18, 2018 pleadings. (ECF No. 27). The Plaintiff was given leave to file an amended complaint by no later than June 22, 2018. Plaintiff has not filed an amended complaint.

On June 20, 2018, Plaintiff sent an email to the Court

3

stating that her mailing address had changed from an address in Honolulu to an address in Philadelphia.  (ECF No. 30).

On July 6, 2018, Plaintiff failed to appear to a scheduling conference.  (ECF No. 32).  Although Plaintiff did not request to appear by telephone, the Magistrate Judge attempted to reach Plaintiff at the telephone number on record without success.

**STANDARD OF REVIEW**

District courts have the inherent power to control their dockets.  In the exercise of their power, courts may impose sanctions, including, where appropriate, dismissal of a case for failure to prosecute.  Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam).  Rule 41(b) of the Federal Rules of Civil Procedure provides for dismissal of an action for failure to prosecute.  Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b) grants district courts discretion to dismiss an action for failure to comply with federal or local rules of civil procedure, failure to prosecute, or failure to comply with the court's orders.  Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005).  A federal

4

trial court may dismiss an action with prejudice because of the plaintiff's failure to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962).

The Local Rules of Practice for the United States District Court for the District of Hawaii also authorize dismissal when a party fails to comply with the rules. District of Hawaii Local Rule 11.1 ("Failure of counsel or of a party to comply with any provision of these rules is a ground for imposition of sanctions, including a fine, dismissal, or other appropriate sanction.").

## **ANALYSIS**

A case may be dismissed involuntarily for failure to comply with the Federal Rules of Civil Procedure, failure to comply with the local rules of civil procedure, or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).

To determine if dismissal is warranted, the District Court must consider:

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;

(3) the risk of prejudice to the defendant;

(4) the availability of less drastic alternatives; and,

(5) the public policy favoring disposition of cases on their merits.

In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although less drastic alternatives may be considered before dismissing an action under Rule 41(b), a district court need not exhaust all alternatives before dismissing a case. See Von Poppenheim v. Portland Boxing & Wrestling Comm'n, 442 F.2d 1047, 1053-54 (9th Cir. 1971). Dismissal for failure to prosecute is committed to the sound discretion of the trial court. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).

After applying the five factors to the circumstances of the case, the Court finds dismissal to be appropriate. Plaintiffs are charged with the exercise of "reasonable diligence" in prosecuting the action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976); States Steamship Co. v. Philippine Air Lines, 426 F.2d 803, 805 (9th Cir. 1970).

Plaintiff Stone filed her initial Complaint and in forma pauperis application on March 12, 2018. (ECF Nos. 1, 3). On March 16, 2018, the Magistrate Judge, pursuant to the mandatory screening of all civil actions brought in forma pauperis, recommended dismissal of the Complaint with leave to amend. (ECF No. 8). The Magistrate Judge found that Plaintiff's Complaint contained only conclusory allegations which failed to articulate the elements for any causes of action, a lack of legal or factual basis to support a viable claim, and no possible basis for venue in this district. (Id. at pp. 4-5). On April 13, 2018, the Court adopted the Findings and Recommendations of the Magistrate

Judge. (ECF No. 14). Plaintiff was given leave to amend her Complaint by May 16, 2018. (Id.)

On April 18, 2018, Plaintiff filed two pleadings entitled (Amend) EMPLOYMENT DISCRIMINATION COMPLAINT and COMPLAINT FOR DAMAGES. (ECF Nos. 15, 15-3). On April 24, 2018, the Magistrate Judge ordered Plaintiff to clarify which of her two Complaints served as the operative pleading by May 8. 2018. (ECF No. 22). Plaintiff requested, and was granted, an extension of time to consult with an attorney. (ECF Nos. 23, 24). Plaintiff's deadline to clarify was extended to May 18, 2018.

On May 18, 2018, Plaintiff submitted a letter requesting that "the information presented to the court in Stone v. City of Philadelphia in the entirety submitted please move forward as the petition of record." (ECF No. 25).

On May 24, 2018, the Magistrate Judge issued an Order striking both of Plaintiff's pleadings for failing to comply with the Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules of the District of Hawaii. (ECF No. 27). The Plaintiff was given leave to file an amended complaint by no later than June 22, 2018. As of September 24, 2018, Plaintiff still has not filed an amended complaint.

Plaintiff's last contact with the Court was on June 20, 2018, when she emailed the Court to change her mailing address to one in Philadelphia. (ECF No. 30).

On July 6, 2018, Plaintiff failed to appear to a scheduling conference. (ECF No. 32). Though Plaintiff did not request to

7

appear by telephone, the Magistrate Judge attempted to call Plaintiff without success.

### 1. The Public's Interest In Expeditious Resolution Of Litigation

The Court has attempted to assist Plaintiff throughout the proceedings. Plaintiff's initial Complaint contained no factual or legal basis to support a viable claim in the District of Hawaii. (ECF No. 1). After being granted leave to amend her initial Complaint, Plaintiff simultaneously filed two separate Amended Complaints. Neither Amended Complaint cured the deficiencies identified in her initial Complaint.

Plaintiff asked the Court to synthesize the two documents into a single complaint. (ECF Nos. 15, 15-3, 25). It is not the role of the Court to combine Plaintiff's pleadings.

Plaintiff was given leave to file another complaint. Plaintiff has not filed an amended complaint or communicated with the Court since June 2018.

When considering the first factor, the Expeditious Resolution of Litigation, the Ninth Circuit Court of Appeals and Courts in this District have found that failing to pursue a case for several months weighs in favor of dismissal. Pagtalunan, 291 F.3d at 642; L.M. v. Dep't of Educ. Hawaii, No. CV 05-00345 ACK-KSC, 2006 WL 8436266, at *2 (D. Haw. Mar. 6, 2006); Chapman v. Krutonog, No. CIV. 08-00579 HG-KSC, 2013 WL 4835175, at *3 (D. Haw. Sept. 9, 2013).

8

Plaintiff has failed to pursue the case for over three months, has failed to comply with multiple Court orders, and has failed to communicate with the Court. There has not been an operative pleading in this lawsuit since May 24, 2018.

The public's interest in expeditious resolution of litigation weighs in favor of dismissal.

**2. The Court's Need To Manage Its Docket**

The Ninth Circuit Court of Appeals has highlighted the importance of preserving the district courts' power to manage their dockets when faced with noncompliant litigants. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

Plaintiff failed to submit an operative complaint and failed to appear at the July 7, 2018 Scheduling Conference.

This factor weighs in favor of dismissal.

**3. The Risk of Prejudice to the Defendant**

In determining whether a defendant has been prejudiced, the Court examines whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987).

No Defendant has been served in this case, and there is no operative complaint. There is no prejudice to any of the Defendants named in the pleadings.

This factor also weighs in favor of dismissal.

### 4. The Availability of Less Drastic Alternatives

"The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." In re PPA, 460 F.3d at 1228 n.5 (quoting Malone, 833 F.2d at 32 n.1). Less drastic sanctions include:

> a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, ... dismissal of the suit unless new counsel is secured ... preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel....

Id. If a plaintiff violates a court order, issuing a warning and providing the plaintiff with another chance to comply with the court's order may be considered a less drastic sanction. Id.

The Court has attempted less drastic alternatives. Plaintiff has failed to heed the Court's orders, failed to comply with the Federal Rules of Civil Procedure, failed to comply with the Local Rules of the District of Hawaii, and failed to attend the Scheduling Conference.

The fourth factor weighs in favor of dismissal in light of Plaintiff's dilatory conduct.

### 5. The Public Policy Favoring the Disposition of Cases on Their Merits

Public policy favors disposition of cases on the merits and this factor will nearly always weigh against dismissal.

Hernandez v. City of El Monte, 138 F.3d 393, 401 (9th Cir. 1998). The fifth factor, however, must be balanced against the weight of the other four factors in determining if dismissal is appropriate pursuant to Fed. R. Civ. P. 41(b). Namohala v. Maeda, Civ. No. 11-cv-00786 JMS-KSC, 2014 WL 584256, *5 (D. Haw. Feb. 11, 2014).

Here, there is no jurisdictional basis for the case to proceed in the District of Hawaii. As set out in the Court's previous orders, Plaintiff has not established that the District of Hawaii has personal jurisdiction over Defendants who are all citizens of Pennsylvania regarding events that took place entirely in Philadelphia.

Plaintiff has been provided with opportunities to cure her pleadings to establish that the District of Hawaii has jurisdiction over the case, and she has failed to do so.

All five factors weigh in favor of dismissing the case. Plaintiff has failed to submit one understandable document to serve as a complaint. Plaintiff has failed to comply with multiple Court orders and has failed take any action in this case over the past three months. She did not attend the Scheduling Conference. She has not communicated with the Court in over two months.

Dismissal is warranted pursuant to Federal Rule of Civil Procedure 41(b).

**CONCLUSION**

Plaintiff does not have a complaint before the Court, has failed to prosecute her claims, and has failed to comply with the Court Rules and Court Orders.

The case is **DISMISSED WITHOUT PREJUDICE.**

The Clerk of Court is ordered to **CLOSE THE CASE.**

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, September 24, 2018.

Helen Gillmor
United States District Judge

STONE V. CITY OF PHILADELPHIA, Judge Nina Wright Padilla, Judge Margaret Murphy; CITY OF PHILADELPHIA PROBATE COURT, Ronald Donatucci, Register of Wills, Staff and Associates; CITY OF PHILADELPHIA CITY COUNCIL, City Council President, Darryl Clark and Council Members; CITY OF PHILADELPHIA DEPARTMENT OF HUMAN SERVICES, Commissioner of DHS; CITY OF PHILADELPHIA POLICE DEPARTMENT, Police Commissioner Ross; CITY OF PHILADELPHIA FIRE DEPARTMENT AND EMS SERVICES, Fire Departments and Commissioners; CITY OF PHILADELPHIA LAW DEPARTMENT, Law Dept. Leadership Vernette Dow; Philadelphia Housing Authority; Philadelphia Housing, CIVIL NO. 18-00089 HG-KSC; **ORDER DISMISSING ACTION WITHOUT PREJUDICE**